## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY H. CONKLIN and | ) |
| HARRY R. CONKLIN, Executor of | ) |
| the estate of JULIA CONKLIN, | ) |
| | ) CIVIL ACTION NO. 3:2006-221 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) JUDGE GIBSON |
| INVACARE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

Before the Court is the Plaintiffs' Motion to Compel Discovery (Document No. 19). At issue in this motion is the relevancy of information sought through the Second Set of Interrogatories propounded by the Plaintiffs to the Defendant regarding several "Adverse Event Reports" generated by the U.S. Food and Drug Administration ("USFDA") that concern patient lifts manufactured by Defendant. In particular, the Plaintiffs submitted "Adverse Event Reports" to the Defendant and inquired as to the names and contact information of people either reporting these events or injured by these events, as well as any information regarding litigation that may have ensued from these events, any attorney contact information and "[t]he d[is]position[1] of each case". Plaintiff's Motion (Document No. 19-2), pp. 2-3. The Defendant objects to these interrogatories arguing primarily a lack of relevancy in addition to the fact that the "information sought would constitute trade secrets, and confidential,

---

[1]Although the original text of the request reads "deposition", it appears to be a misspelling. It appears to the Court that either the term "disposition" or the term 'depositions" was intended. The word "disposition" appears to be appropriate in the context of requesting information as to past litigation. Alternatively, "depositions" may have been intended.

commercial, or financial information; and any personal, medical and similar information that would constitute a clearly unwarranted invasion of personal privacy pursuant to the Freedom of Information and Privacy Acts." Plaintiff's Motion, Exhibit 3 (Document No. 19-5), pp. 1-2. The Defendant then proceeds to address each report arguing against its relevance and for denial of the Plaintiffs' motion as to each report.

Relevancy in discovery is governed by a broader standard than relevancy at trial: "Under Federal Rules of Civil Procedure, discovery is not limited to information which is admissible at trial but instead is allowed 'if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.' Fed.R.Civ.P. 26(b)(1)." *Josephs v. Harris Corporation*, 677 F.2d 985, 991 (3d Cir. 1982). In *Josephs*, an action stating a products liability claim for a defective design and failure to warn, the Court of Appeals for the Third Circuit found that interrogatories "requesting *inter alia*, the name of any person known to Harris to have been injured by the [device] and nine other models of Harris presses" were proper requests. *See Josephs* at 991. The Third Circuit found that the information as to the other models "was patently relevant to the issue of duty to warn and may have led to relevant evidence regarding the existence of a defect." *Id.* (citation omitted).

The matter which the Plaintiffs seek to develop through this discovery is the failure of the lift device in question, a Model 450 Patient Lift containing a sling "used to transport the patient," which allegedly failed because of slippage of "open-ended S-hooks" that attached the sling and the two sling straps and resulted in the decedent falling "to the floor" causing "fractures of both of her legs and a forearm fracture." Amended Complaint (Document No. 17), ¶¶ 10-13. The S-hooks used are of

2

particular relevance as they are alleged to be the defective part of the device. *See* Amended Complaint (Document No. 17), ¶ 22. The Defendant objects to requests for information as to each of the 30 USFDA reports on relevancy grounds citing differences in lift (electric or manual), model, source of failure, or a difference in time. Plaintiff's Motion, Exhibit 3 (Document No. 19-5).

After review of these thirty reports and the terse descriptions of the accidents described therein, the Court finds that eight of them will lead to discovery of admissible evidence because they appear to concern the "S hooks" in question. This is because these eight reports present descriptions of events that concern slippage of the slings or straps due to the hooks linking the two; all other reports concern slippage in other areas of the lift and/or other mechanisms or parts on the lift. As to the Defendant's objections that these eight reports may concern different lifts or that the events recounted were as far back as five years or as little as three years prior to the accident in the case *sub judice*, the Court respectively discounts these objections because the hooks used, no matter what the type of lift, may be of the same "S" style, and knowledge that slippage occurred with such hooks up to five years prior to the present accident involving the decedent is relevant to the Defendant's universe of knowledge concerning its product, specifically notice of the need for a re-design or warning to cure any possible defects. The Defendant claims that these reports present anecdotal evidence of a "different" defect, but the Court disagrees. These anecdotes do not conclusively establish that it was a different defect. Thus, the request for these eight reports "appear[s] to be reasonably calculated to lead to the discovery of admissible evidence." The remaining twenty-two reports are excluded because they contain sufficient descriptions of these accidents that allow the Court to conclude that they do not concern "S hooks" as

3

the possible source of the lift failure.

Finally, as to any of the remaining objections of the Defendant as to possible revelation of trade secrets, or personal medical or other private information, the Court overrules these objections. The Plaintiffs seek information that would be in essence public information as to any resulting litigation from these accidents and the names of injured parties and the location of injury. Plaintiffs presumably request this information in order to conduct their own investigation into these accidents. The Plaintiffs are not seeking "trade secrets" or otherwise confidential "personal, medical and similar information". Absent any other unforeseen circumstances, the Court does not envision a violation of privacy rights or an infringement or compromise of intellectual property other than the possibility that if it is indeed depositions sought by the Plaintiffs' interrogatories (see footnote one), such depositions may have been placed under seal. Therefore, the Defendant shall respond to the Plaintiffs' interrogatories as to the "Adverse Event Reports" numbered as Plaintiffs' Exhibits 8, 9, 12, 13, 14, 15, 27, and 29. The Plaintiffs' Motion is granted in part and denied in part.

An appropriate Order follows.

4

**AND NOW**, this 29th day of August, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Plaintiffs' Motion to Compel Discovery (Document No. 19) is GRANTED IN PART as to the "Adverse Event Reports" labeled as Plaintiffs' Exhibits 8, 9, 12, 13, 14, 15, 27, and 29 and set forth in Document No. 19-3 and DENIED IN PART as to all other remaining "Adverse Event Reports." IT IS FURTHER ORDERED THAT the Defendant shall respond to the Plaintiffs' Second set of Interrogatories as to Plaintiffs' Exhibits 8, 9, 12, 13, 14, 15, 27, and 29 on or before September 14, 2007.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**